132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robin TIDWELL; Larry Tidwell, Plaintiffs-Appellants,
v.
COUNTY OF RIVERSIDE, Building and Safety Department, a
public corporation; Anthony O. Ramsamooj,
Defendants-Appellees.
 No. 96-56219.
 United States Court of Appeals, Ninth Circuit.
 Dec. 9, 1997.
Argued and Submitted November 6, 1997 Pasadena, California
 
 1
 Before CANBY and THOMPSON, Circuit Judges, and MOLLOY,** District Judge
 
 
 2
 MEMORANDUM*
 
 
 3
 We affirm the dismissal of the Tidwells' claims against Riverside County for racial discrimination, denial of due process, negligence and intentional infliction of emotional distress.[1]
 
 1. Equal Protection
 
 4
 The Tidwells allege that they were denied a building permit on account of their race. They contest the district court's conclusion that they have presented no direct or disparate treatment evidence of racial discrimination. To state a disparate treatment claim under the Equal Protection Clause, the Tidwells must slow that similarly situated members of other races have been treated differently. United States v. Armstrong, 116 S.Ct. 1480, 1487 (1996); see also Washington v. Davis, 426 U.S. 229, 239 (1976).
 
 
 5
 The Tidwells' principal witness, code enforcer Donnie Turner, testified in deposition that County officials had pressured him not to pursue some individuals' code violations. Significantly, however, he never indicated that leniency was afforded to anyone on account of race.
 
 
 6
 Mr. Turner also never indicated that Riverside County had a policy or practice of treating black builders differently. He cited several incidents involving racial jokes or racial remarks at the permit office, but he mentioned nothing that would suggest the existence of racially discriminatory licensing policies. See Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir.1990) (finding that " 'stray' remarks are insufficient to establish discrimination").
 
 
 7
 The Tidwells also rely on the deposition testimony of Sam Myers, a black builder whose permit was revoked. They do not contest the district court's finding that the only evidence was Mr. Myers' permit was revoked because of changes he made to his plans. They point out that the white purchaser of his property was later allowed to complete the house using the same plans, but they fail to mention that this builder made the modifications that the County had insisted on.
 
 
 8
 Mr. Myers testified that a building inspector told him, "Why do you guys from L.A. come in here and figure you can build a house bigger than the richest man in Perris has," and, "You come in here with this drug money, and you figure you can build a house bigger than the richest man in Perris owns." While these statements reflect envy and even hostility, they raise no triable issue of racial animus.
 
 
 9
 Finally, Mr. Myer's testimony that he knew of other blacks who had trouble getting permits does not indicate that similarly situated whites were treated differently.
 
 
 10
 The Tidwells also allege that their original grading approval should still have been valid when they sought a building permit because they had met the requirement that they continually perform work on the property. However, the language of the Riverside Ordinance indicates that a permit routinely expires unless the builder does work and has a County inspection performed every six months. There were no inspections here.
 
 
 11
 The Tidwells have failed to present facts that create a triable equal protection claim.
 
 2. Due Process
 
 12
 The Tidwells assert that they were denied due process because they were not told that they could appeal the County's denial of their building permit. They point to no authority indicating that an administrative agency must inform a claimant of his right to appeal an adverse decision, and we are aware of none.
 
 
 13
 3. Negligence and Intentional Infliction of Emotional Distress
 
 
 14
 The Tidwells assert pendent state claims for negligence in the handling of their permit applications and intentional infliction of emotional distress. A negligence claim requires a showing of injury or damage. Sirott, v. Latts, 8 Cal.Rptr.2d 206, 208-09 (Cal.Ct.App.1992). The district court found that no evidence had been presented that suggested that any delay in the handlirg of the Tidwells' applications had caused them any injury or damage. The Tidwells do not contest this finding.
 
 
 15
 A claim of intentional infliction of emotional distress requires a showing of conduct that is outrageous. Davidson v. City of Westminster, 649 P.2d 894, 901 (Cal.1982). The district court found that none of the evidence presented suggested that the County's conduct was outrageous. On appeal, the Tidwells assert that the County's discrimination against them was outrageous. Because we affirm the district court's finding that there was no discrimination, we also affirm the dismissal of this claim.
 
 
 16
 AFFIRMED.
 
 
 
 **
 The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Grants of summary judgment are reviewed de novo, with the evidence viewed in the light most. favorable to the non-moving party. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996)